# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUCIEN HARTLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-0576** |
| **TERREBONNE PARISH SHERIFF, ET AL** | **SECTION "A"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

## I.      Factual Summary

### A.      The Complaint

The plaintiff, Lucien Hartley ("Hartley"), filed this claim *pro se* and *in forma pauperis* against the Terrebonne Parish Sheriff and the Thibodaux Police Department. Hartley is currently incarcerated in the Bayou Dorcheat Correctional Center (B.D.C.C.) in Minden, Louisiana.

Hartley alleges that on August 18, 2007, while he was on his way to use the restroom, he heard a knock on the door. When his girlfriend opened the door, she saw police on the door step with guns drawn. Hartley claims that the police entered his home and performed an illegal search

of the premises, finding several items which had been stolen in connection with vehicle burglaries. According to Hartley, he pled guilty to the burglaries, because officials threatened to take his pregnant girlfriend to jail; his attorney advised him to plead guilty; and he was scared. Hartley is now seeking relief in connection with the alleged illegal search of his apartment and his alleged coerced guilty plea. Hartley seeks, in addition to damages, a transfer to Hunt Correctional Center due to his fear of ill-treatment at the hands of Terrebonne Parish jail officials.

**B.** ***Spears Hearing***

Hartley testified during the *Spears* Hearing that police arrived at his apartment without a search warrant, though he admitted that his girlfriend, who did not live with him, let them in the apartment. Following their search, officers charged Hartley with eight counts of burglary. Hartley stated that he admitted to stealing only five items. He testified that he pled guilty and received one year for each item he stole. He admitted that, at the time of his arrest, he was on parole for attempt to distribute drugs.

Hartley stated that he filed the instant suit, because he believes that the search of his apartment, which ultimately led to his arrest and conviction, was illegal. Hartley testified that he is seeking, by virtue of this action, to send out the message that officers cannot take the law into their own hands.

**II.** **Standard of Review for Frivolousness**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See*

*Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether Hartley's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.    Illegal Search Claim

Hartley complains that the search performed by the officers was illegal and they should be held accountable. His Complaint invokes the Court's jurisdiction under 42 U.S.C. § 1983. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in certain instances.

Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court stated that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck,* 512 U.S. at 486-487; see also *Boyd v. Biggers*, 31 F.3d 279 (5th Cir.1994).

Under *Heck*, the maturity of a Section 1983 claim depends on whether a judgment in the Plaintiff's favor would necessarily imply the invalidity of his conviction or confinement. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir.1996). In this case, Hartley's own pleadings make clear that a judgment in his favor would necessarily imply that the fact or length of his confinement are improper. However, he has not shown that his detention has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. He cannot recover monetary damages on his claims until he makes such a showing, and so his complaint should be dismissed without prejudice until he can do so. *Clarke v. Stalder*, 154 F.3d 186, 188 (5th Cir.1998). The holding in *Heck* applies to actions seeking declaratory relief. See *Edwards v. Balisok*, 520 U.S. 641 (1997).

Hartley's claim that the search of his apartment, which resulted in the police finding the items that he stole from vehicles, was unconstitutional, necessarily calls into question the validity of his criminal conviction and his detention. Therefore, Hartley's action is *Heck*-barred until his conviction has been overturned by a state or federal tribunal. A court's dismissal of a claim on the basis that

it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim).

## IV. <u>Request for Transfer</u>

Hartley further contends that he also seeks a transfer to a different facility because things are tough where he is.[1] He did not particularly describe the nature of the circumstances he has experienced.

It is well settled that the due process clause does not, by itself, give a prisoner a protected liberty interest in the location of his confinement even if the environment of one prison may be "much more disagreeable" to the prisoner than in another. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Further, a prisoner has no liberty interest in being housed in any particular facility where the state statute vests discretion to the state officials to carry out their official function. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996); *see also Yates v. Stalder*, 217 F.3d 332 (5th Cir. 2000).

Louisiana Revised Statute § 15:824 authorizes the Director of Corrections to determine the penal institution to which an inmate should be delivered or transferred.[2] The Director of

---

[1] The Court notes that since the filing of the instant action, Hartley has been transferred. As noted earlier, he is presently housed in the Bayou Dorcheat Correctional Center (B.D.C.C.) in Minden, Louisiana. Accordingly, Hartley's request for a transfer may be moot.

[2] La. Rev. Stat. Ann. §15:824(A) and (B) provide in pertinent part:

A. Notwithstanding any provision of law to the contrary, any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as

Corrections has broad discretion regarding the placement and transfer of state prisoners. *See Santos v. La. Dept. of Corr. Secretary*, No. Civ. A. 95-4215, 1996 WL 89260 at *4 (E.D. La. Feb. 28, 1996) (noting that La. Rev. Stat. Ann. § 15:824(A), (B) does not give DOC prisoners a constitutionally protected right to be housed in a particular facility); *see also* La. Rev. Stat. Ann. § 15:566(B); *State v. Sylvester*, 648 So.2d 31, 33 (La. App. 4th Cir. 1994).

Thus, the State of Louisiana by its broad discretionary statutes has not created a protected liberty interest in being housed in a particular prison or being transferred from one prison to another. *Santos*, 1996 WL 89260 at *4. Therefore, Hartley has no constitutional right to a transfer, and his request for a transfer is frivolous.

## V.     **Thibodaux Police Department**

Finally, Hartley has named as a Defendant the Thibodaux Police Department. It is well-established that a city police department, such as the Thibodaux Police Department, is not considered to be a legal entity or person capable of being sued. *Miles v. Slidell Police Department*, Civ. Action No. 07-8824, 2008 WL 544523, at *2 (E.D. La. Feb. 26, 2008) (citations omitted). Therefore, the claim against the Thibodeaux Police Department is frivolous.

---

the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department; however, no juvenile may be transferred to a penal or correctional facility for persons committed by a court having criminal jurisdiction except in accordance with the provisions of R.S. § 15:1062.

B. (1)(a) In the event any individual has been committed to the department for confinement which is or has been delayed or prevented after final sentence by court order restricting the department from institutionalizing the individual, or when the individual is not institutionalized in a state penal or corrections institution because of lack of facilities under the control of the department, or the department otherwise refused to accept the individual for confinement, which resulted or has resulted in the individual being confined in a parish jail or institution after final sentence, or when he is being held in the parish jail without bail, pending an appeal, the department shall pay to each parish sheriff, or to the governing authority of those parishes in which the governing authority operates the parish jail, for keeping and feeding the individual in the parish jail the sum of twenty-one dollars per day from date of sentencing until the individual is confined in a penal or correctional institution under the supervision of the department.  .  .  .

## VI.  Recommendation

It is therefore **RECOMMENDED** that the claims of Lucien Hartley brought pursuant to Title 42 U.S.C. § 1983 against the Defendants, the Terrebonne Parish Sheriff and the Thibodaux Police Department, be **DISMISSED WITH PREJUDICE** as frivolous pursuant to Title 28 U.S.C. § 1915(e)(2), § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 2nd day of April, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**